

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2007

# Cole v. Warden Allenwood

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3546

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Cole v. Warden Allenwood" (2007). *2007 Decisions.* Paper 1715.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1715

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-3546

———————

JAMES T. COLE, JR.,
Appellant
vs.

WARDEN OF ALLENWOOD
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. PA. Civ. No. 06-cv-01179)
District Judge: Honorable A. Richard Caputo
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 19, 2007

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

(Filed: January 31, 2007)

———————

OPINION

———————

PER CURIAM.

        James T. Cole, Jr., a federal inmate incarcerated at USP Allenwood in

Pennsylvania, appeals pro se from an order of the United States District Court for the

Middle District of Pennsylvania dismissing without prejudice his habeas petition filed

1

pursuant to 28 U.S.C. § 2241. In 1993, Cole was convicted after a jury trial of drug conspiracy, continuing criminal enterprise, and drug possession in the United States District Court for the Eastern District of Pennsylvania. He was sentenced in 1994 to life imprisonment. This Court affirmed. In April 1997, Cole filed a motion to vacate his sentence under 28 U.S.C. § 2255, in which he raised a claim that his conviction under section 846 should be vacated in light of the U.S. Supreme Court's decision in United States v. Rutledge, 517 U.S. 292, 307(1996). The District Court vacated Cole's conviction for conspiracy, based upon Rutledge, but denied relief on Cole's other claims. This Court denied Cole's request for a certificate of appealability in an order entered on December 24, 1997.

In September 2001, we denied Cole's application under 28 U.S.C. § 2244 for leave to file a second or successive § 2255 motion. In November 2001, Cole filed another § 2244 application, purportedly presenting evidence to support two claims in his prior § 2244 submission, and adding a third claim that prosecutors bribed a witness to testify against him. This Court denied the § 2244 application in December 2001. In 2005, Cole submitted a third § 2244 application, claiming that his sentence was unlawfully enhanced in violation of United States v. Booker, 125 S.Ct. 738 (2005), and that there was new evidence of his actual innocence that was not presented at his sentencing. We denied leave to file a successive § 2255 motion in February 2006.

In June 2006, Cole filed this § 2241 petition in the Middle District of Pennsylvania, asserting that trial counsel was ineffective in failing to investigate the prior

2

testimony of a government witness and that his sentence was unlawfully enhanced in violation of United States v. Booker, 125 S.Ct. 738 (2005). Cole contended that he should be permitted to pursue habeas relief through § 2241 because § 2255 is inadequate and ineffective to attack his conviction and sentence.

The District Court summarily dismissed the § 2241 petition without prejudice, ruling that § 2255 could not be considered ineffective or inadequate to test the legality of Cole's sentence. Concluding that the petition could be considered only as a second or successive § 2255 motion to vacate the sentence, the District Court determined that Cole had to obtain leave from this Court to file a second or successive § 2255 motion in the appropriate court. Cole timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. For essentially the same reasons set forth by the District Court in its Order entered June 23, 2006, we will summarily affirm.

As the District Court properly concluded, a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief,

3

the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539.

The "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal because of an intervening change in the law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). Such is not the case here. The exception identified in In re Dorsainvil is simply inapplicable, and Cole may not seek relief under § 2241.

Because the § 2241 petition was properly dismissed and no substantial question is presented by this appeal, the Appellee's motion for summary affirmance is granted and the District Court's judgment will be affirmed. See Third Circuit LAR 27.4 and I.O.P. 10.6. Cole's letter motion to file a brief on the matter is denied.